# Third District Court of Appeal

## State of Florida

Opinion filed April 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2003
Lower Tribunal No. F14-24007
_____

**Santiago Milian a/k/a Santiago Jimenez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Santiago Milian a/k/a Santiago Jimenez, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, HENDON, and BOKOR, JJ.

HENDON, J.

Santiago Milian, a/k/a Santiago Jimenez ("Defendant"), appeals from a summary denial of his petition for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.

The Defendant filed a timely 3.850 motion on February 16, 2021, raising nine separate claims. On May 26, 2021, the trial court denied claims three through eight with prejudice. The court found claims one, two, and nine legally insufficient, and gave the Defendant twenty-one days[1] from the filing of the order to amend the insufficient claims. The May 26, 2021, order is a non-final, nonappealable order. See Fla. R. Crim. P. 3.850(f)(2). On June 11, 2021, the Defendant complied with the trial court's May 26, 2021, order by filing his amended motion within twenty-one days afforded by the trial court. The trial court thereafter failed to rule on that amended motion or, as required by Florida Rule of Criminal Procedure 3.850, prepare a final, appealable order disposing of all nine claims.

---

[1] The trial court was required to give the Defendant sixty, not twenty-one, days to amend his motion as to those insufficient claims that were dismissed or denied without prejudice. Fla. R. Crim. P. 3.850(f)(3) (providing that if a motion timely filed under this rule sufficiently states one or more claims for relief and it also attempts but fails to state additional claims, the court shall enter a nonappealable order granting the defendant 60 days to amend the motion to sufficiently state additional claims for relief. Any claims disposed of in the amended motion may be reviewed only when a final, appealable order is entered).

The record shows that the trial court has already ruled on six of the Defendant's nine claims, dismissed the remaining three claims without prejudice, and permitted the Defendant the opportunity to amend his motion as to those three remaining claims, which the Defendant did by filing his amended motion for postconviction relief. Accordingly, we reverse the order under review and remand for the trial court to consider the Defendant's amended motion for postconviction relief filed on June 11, 2021, and for any appropriate proceedings on that amended motion. Further, the trial court is ordered to enter a final, appealable order disposing of the six earlier-denied claims and the three remaining amended claims.

Reversed, and remanded.